IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL ANTONIO LIVERMAN,**

    Plaintiff,

v.                                              Civil Action No. **3:07CV344**

**GENE JOHNSON,** *et al.***,**

    Defendants.

## MEMORANDUM OPINION

Plaintiff, a Virginia state prisoner proceeding *pro se* and *in forma pauperis*, filed this action under 42 U.S.C. § 1983 alleging that the defendants violated his constitutional rights. The matter is before the Court pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A for review of the Magistrate Judge's proposed findings of fact and conclusions of law concerning Plaintiff's complaint. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636(b) and 1343(a)(3).

### I. PROPOSED FINDINGS AND RECOMMENDATIONS

The Magistrate Judge made the following findings and recommendations:

> **I.  Preliminary Review**
>
> The Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (*quoting Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).
>
> "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (*citing* 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the

plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him [or her] to relief." *Conley*, 355 U.S. at 45-46. In *Bell Atlantic Corp.*, the Supreme Court noted that the complaint need not assert "detailed factual allegations," but must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." 127 S. Ct. at 1964-65 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *id.* at 1965 (citation omitted), to one that is "plausible on its face," *id.* at 1974, rather than "conceivable." *Id.* Therefore, in order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. Dupont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (*citing Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it does not act as the inmate's advocate, *sua sponte* developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II. Allegations

Petitioner is currently serving a sentence of 146 years and six months. On or about September 26, 1989, the Virginia Parole Board and the Virginia Department of Corrections ("VDOC") determined that Plaintiff was ineligible for parole under Virginia Code § 53.1-151(B1). That statute provides:

> Any person convicted of three separate felony offenses of (i) murder, (ii) rape or (iii) robbery by the presenting of firearms or other deadly weapon, or any combination of the offenses specified in subdivisions (i), (ii) or (iii) when such offenses were not part of a common act, transaction or scheme shall not be eligible for parole. In the event of a determination by the Department of Corrections that an individual is not eligible for parole under this subsection, the Parole Board may in its discretion, review that determination, and make a determination for parole eligibility pursuant to regulations promulgated by it for that purpose. Any determination of the Parole Board of

2

> parole eligibility thereby shall supersede any prior determination
> of parole ineligibility by the Department of Corrections under
> this subsection.

Va. Code Ann. § 53.1-151(B1) (West 2007). In 2007, the Virginia Parole Board rejected Plaintiff's second challenge to the determination that he was not eligible for parole. Plaintiff's specific allegations in this regard are set forth verbatim, as follows:

> On Febuary 28, 2007, plaintiff received notification informing
> him that his second appeal of his ineligibility was limited to one
> review relative to his ineligibility status unless significant
> information is presented. The information reviewed no
> compelling reason to take any further action in his case is
> warranted. thus, the Virginia Parole Board's decision of Febuary
> 28, 2005 remains vaild.

(Compl. ¶ 9.).

Plaintiff contends that his rights under Due Process[1] and the Ex Post Facto Clauses[2] of the Constitution have been violated by the Virginia Parole Board's determination that he was ineligible for parole. Plaintiff names as defendants: Gene Johnson, the Director of the VDOC; Doris L. Ewing, the Court Legal Manager for the VDOC; and, Helen Fahey, Chairperson of the Virginia Parole Board ("VPB"). Plaintiff contends Defendants should have intervened and determined that Plaintiff was eligible for parole when he filed his appeal in 2007.

### III. Analysis

Because 42 U.S.C. § 1983 does not explicitly provide its own statute of limitations, the courts borrow the personal injury statute of limitations from the relevant state. *See Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951, 955 (4th Cir. 1995) (en banc) (*citing Wilson v. Garcia*, 471 U.S. 261, 266-69 (1985)). Virginia applies a two-year statute of limitations to personal injury claims. *See* Va. Code Ann. § 8.01-243(A) (West 2007). Hence, Plaintiff had two years from when he learned that he was ineligible for parole in 1989 to file any claims pertaining to the determination that he was ineligible for parole. *Brown v. Ga. Bd. of Pardons & Paroles*, 335 F.3d 1259, 1261-62 (11th Cir. 2003). Each occasion thereafter that the Parole Board or the Defendants adhered to that parole ineligibility determination does not constitute separate and distinct injury that warrants separate statute of limitations calculations. *Id.* Plaintiff did not file the

---

[1] "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

[2] "No Bill of Attainder or ex post facto Law shall be passed." U.S. Const. Art. I § 9, cl. 3. "No State shall . . . pass any. . . ex post facto Law." U.S. Const. Art. I § 10, cl. 1.

3

> present action until May 29, 2007.³ *See Lewis v. Richmond City Police Dep't,* 947 F.2d 733, 736 (4th Cir. 1991) (concluding prisoner's § 1983 complaint is filed for statute of limitation purposes when handed to prison official for mailing). Nothing in the record suggests any proper basis to toll the limitations period. Thus, Plaintiff's Ex Post Facto and due process claims pertaining to the determination that he was ineligible for parole are barred by the statute of limitations. *See Brown,* 335 F.3d at 1261. Accordingly, it is RECOMMENDED that such claims be DISMISSED.
>
> What remains is Plaintiff's claim that he was denied due process by Defendants in the processing of his 2007 appeal of the parole ineligibility determination.⁴ As a Virginia inmate, Plaintiff's limited liberty interest in his parole eligibility determination at most entitles him to a written reason explaining why he was deemed parole ineligible. *See Vann v. Angelone,* 73 F.3d 519, 522 (4th Cir. 1996). Plaintiff acknowledges that he received such notice. Thus, Plaintiff received all the process he was due. *Id.* Accordingly, it is RECOMMENDED that Plaintiff's due process claim pertaining to the processing of his 2007 appeal of his parole ineligibility determination and the action be DISMISSED.

(Apr. 24, 2008 Report and Recommendation, 1-5.) The Court advised Plaintiff that he could file objections or an amended complaint within ten (10) days of the date of entry thereof. Thereafter, Plaintiff filed objections and an amended complaint.

## II. STANDARD OF REVIEW

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski,* 816 F. Supp. 408, 410 (D.S.C. 1993) (*citing Mathews v. Weber,* 423 U.S. 261, 270-71 (1976)). This court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). "The filing of objections to a magistrate's report enables the district

---

³ Plaintiff executed his present complaint on May 29, 2007.

⁴ Plaintiff fails to suggest how the denial of his appeal in 2007 would support an ex post facto violation.

4

judge to focus attention on those issues--factual and legal--that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). "'Frivolous, conclusive or general objections need not be considered by the district court.'" *Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 409 n.8 (5th Cir. 1982); *see also Wilson v. Attorney Gen. of Md.*, No. 92-6552, 1993 WL 120496, at *1 (4th Cir. Apr. 20, 1993).

### III. PLAINTIFF'S OBJECTIONS AND AMENDED COMPLAINT

In reviewing Plaintiff's motion to amend, the Court finds that Plaintiff does not actually amend his current claims, or raise any additional claims. He does, however, provide additional information in support of one of the objections he filed to the Magistrate Judge's Report and Recommendation, specifically that the Magistrate Judge erred in finding his claims barred by the relevant statute of limitations. Because this information was not available to the Magistrate Judge during her review, Plaintiff's motion to amend (Docket No. 26) will be GRANTED. The Court will interpret Plaintiff's motion to amend as an expansion of his objection to the Magistrate Judge's finding that his parole ineligibility claims were barred by the statute of limitations.

In his Amended Complaint, Plaintiff asserts that he entitled to have the two-year statute of limitations tolled because he is uneducated, not familiar with the legal system, and relies upon the legal services of other prison inmates.[5] Plaintiff also claims that his status of being an

---

[5] Because Virginia's statute of limitations applies to this action, Virginia's rules regarding equitable tolling also apply. *See Wade v. Danek Med., Inc.*, 182 F.3d 281, 289 (4th Cir. 1999); *Lewis v. Gupta*, 54 F. Supp. 2d 611, 616 (E.D. Va. 1999) (citations omitted); *De Los Santos v. Police Dep't of Newport News, Va.*, No. 1:06cv367 (CMB/ BRP), 2006 WL 5616324, at *1 n.2 (E.D. Va. Aug. 22, 2006).

incarcerated prisoner is equivalent to that of a "lunatic," and he should therefore be considered "disabled" for purposes of tolling Virginia's statute of limitations period. (Am. Compl. 6.) The United States Court of Appeals for the Fourth Circuit, in *Almond v. Kent*, 459 F.2d 200, 203 (4th Cir. 1972) and in a long series of unpublished opinions following *Almond*, has repeatedly held that Virginia's tolling statute, Va. Code Ann. § 8.10-229 (2007), does not toll the statute of limitations during a plaintiff's period of incarceration. *See Lewis*, 54 F. Supp. 2d at 616; *Hughley v. Basham*, No. 2:03cv85, 2003 WL 24101521, at *3-4 (E.D. Va. Aug. 1, 2003); *see also McEvily v. K-mart Corp.* 73 Va. Cir. 51, 55 (2007) ("[A] person who is convicted of a felony is a person under a 'disability' while incarcerated, but his incarceration does not toll the statute of limitations because it does not render him 'incapacitated' as that term is used in Va. Code § 8.01-229(A)(1)." (*citing Hankins v. Commonwealth*, 63 Va. Cir. 211, 211 (2003))).

Plaintiff attempts to avoid this precedent by arguing that Section 8.01-229(A)(3) of the Virginia Code, which tolls the time an inmate has for filing an action against his committee, applies to third parties other than the committee.[6] This argument has no merit and has previously been rejected by the Fourth Circuit. *See Gilreath v. Manager of Va. Corr. Enters.*, No. 91-2667, 1992 WL 296365, at *1 (4th Cir. Oct. 16, 1992) (applying Va. Code Ann. § 8.10-229(3), the predecessor to Va. Code Ann. § 8.10-229(A)(3)). Indeed, the Fourth Circuit has expressly held that the Virginia committee tolling statutes do not apply to toll an action brought under 42 U.S.C. § 1983. *See Almond*, 459 F.2d at 203 (discussing original committee tolling statutes).

---

[6] Section 8.01-229(A)(3) provides in pertinent part: "If a convict is or becomes entitled to bring an action against his committee, the time during which he is incarcerated shall not be counted as any part of the period within which the action must be brought." Va. Code Ann. § 8.10-229(A)(3) (2007). The committee referred to in this section is one appointed to handle legal actions by and against a prisoner's estate. *See* Va. Code Ann. § 53.1-221 (2007).

Thus, Plaintiff's expansive interpretation of this statute must fail and his objection to the Magistrate Judge's finding that his claims were barred by the applicable two-year statute of limitations will be OVERRULED.

Plaintiff also objects to the Magistrate Judge's finding that his 2007 claim, relating to the denial of his parole ineligibility appeal, was meritless and that he had not shown a due process or ex post facto violation. Plaintiff has failed to specify any deficiency with this finding and makes only a general objection. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987); *see also Wells v. Shriners Hosp.*, 109 F.3d 198, 200 (4th Cir. 1997) (noting that boilerplate objections will not avoid the consequences of failing to object altogether); *Tyler v. Beinor*, 81 F. App'x 445, 446 (4th Cir. 2005) (No. 03-7120). Accordingly, Plaintiff's objection will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED.

Lastly, to the extent the claims raised in Plaintiff's amended complaint restate the parole eligibility claims Plaintiff previously presented in his original complaint, the Magistrate Judge's statute of limitations analysis applies with equal force to these claims. For the reasons stated in the Magistrate Judge's Report and Recommendation, the parole eligibility claims raised in the amended complaint are barred by the statute of limitations and will be DISMISSED. Plaintiff's claims and the action will be DISMISSED. The Clerk will be DIRECTED to note the disposition of the action for purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/
James R. Spencer
Chief United States District Judge

Date: 6-12-08
Richmond, Virginia